UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JESSE JAMES KAUFMAN,

    Plaintiff,

v.                                      Case No.  5:19-cv-463-TKW/MJF

JACKSON COUNTY CORRECTIONAL
FACILITY, *et al.*,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to comply with two court orders and failure to prosecute.[1]

**I.**    **Background/Procedural Background**

Plaintiff, proceeding *pro se*, commenced this section 1983 action against thirteen named Defendants and several "unknown officers." (Doc. 1 at 1-4). On March 26, 2020, the undersigned reviewed Plaintiff's complaint pursuant to 28

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

U.S.C. §§ 1915(e)(2) and 1915A and found that Plaintiff's complaint failed to state a facially plausible claim for relief against the named Defendants. (Doc. 8). Accordingly, the undersigned directed Plaintiff to file an amended complaint that corrected the deficiencies. (*Id.*). The undersigned imposed a deadline of April 16, 2020, to comply and advised Plaintiff that his failure to comply likely would result in dismissal of this action for failure to prosecute and failure to comply with a court order. (*Id.*).

Plaintiff did not submit an amended complaint by the court-imposed deadline. Therefore, the undersigned issued an order to show cause. (Doc. 9). The undersigned directed Plaintiff to explain why he had failed to comply with the undersigned's order. The undersigned imposed a deadline of May 18, 2020, to comply. (*Id.*). The undersigned again warned Plaintiff that his failure to comply likely would result in dismissal of this action for failure to comply with court orders and failure to prosecute. (*Id.*).

The deadline for Plaintiff to comply has passed. Plaintiff has neither submitted an amended complaint nor explained his failure to comply with the undersigned's order.

## II. Discussion

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820,

827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** On March 26, 2020, the undersigned ordered Plaintiff to submit an amended complaint. (Doc. 8). The

undersigned provided Plaintiff a deadline of April 16, 2020, to comply. Thus, Plaintiff has failed to comply with that order since approximately April 16, 2020.

**(2) Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with two court orders:

    a.    the order issued on March 26, 2020; and

    b.    the order issued on April 27, 2020.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned twice warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. (Docs. 8, 9). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, Plaintiff may elect to refile his claim should he choose to pursue it in the future.[2] Thus, dismissal will not result in substantial prejudice to him.

---

[2] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). Generally, the statute of limitations for claims

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining open.

**(6) The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, it is likely that Plaintiff would ignore future orders directing Plaintiff to comply. Insofar as Plaintiff is proceeding *in forma pauperis*, it is unlikely that imposition of a fine or a finding of contempt would motivate the Plaintiff.

---

under § 1983 of the type alleged by the Plaintiff is four years. *Id.* ("The statute of limitations for § 1983 claims is governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."). Plaintiff asserts that the Defendants' purported misconduct began on March 4, 2019. (Doc. 1). Therefore, the statute of limitations likely would not bar Plaintiff from refiling this suit.

Accordingly, dismissal without prejudice is an appropriate sanction to address the important interests discussed above.

## III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for failure to comply with two court orders and failure to prosecute.

2. The clerk of the court be directed to close the case.

At Panama City Beach, Florida, this 26th day of May, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.